FILED

APR 2 [ ] 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KENNY KHAMDYRATH, | CIV 06-3005 |
| Petitioner, | |
| -vs- | ORDER AND OPINION ON MOTION TO VACATE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty to conspiracy to possess methamphetamine with intent to distribute and was sentenced to 180 months imprisonment on January 10, 2005. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit and his appeal was summarily dismissed on motion of the government.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that he received ineffective assistance of counsel in (1) counsel's failure to address at sentencing the government's agreement to a three level reduction for acceptance of responsibility, (2) failure to argue that the government should have to prove drug quantity beyond a reasonable doubt, and (3) failure to obtain an interpreter so that he understood what was contained in the plea agreement. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

I. Acceptance of Responsibility.

Petitioner attached a copy of the sentencing transcript to show that counsel failed to raise the fact that the plea agreement required the government to recommend a three level reduction in offense level for acceptance of responsibility. Petitioner contends that the three level reduction would have lowered his offense level considerably. I have reviewed petitioner's criminal file. The total offense level calculated by the probation officer and set forth in the presentence

investigation report did take into account a three level reduction for acceptance of responsibility. There was no objection by the government to the reduction. It thus was not an issue at sentencing. Petitioner's sentence was within the advisory guideline range calculated in the presentence report, taking into account a three level reduction for acceptance of responsibility. Petitioner's counsel was not ineffective in failing to argue that petitioner should receive the reduction - he did receive the reduction.

II. Drug Quantity.

Petitioner admitted in his factual basis statement and under oath at his change of plea hearing that his offense involved at least 1.5KG but less than 5KG of methamphetamine. The base offense level was calculated based upon that quantity. The United States Court of Appeals for the Eighth Circuit has consistently held that, under an advisory Guidelines regime, the district court does not err in the "finding of drug quantity under the preponderance of the evidence standard." United States v. Tabor, 439 F.3d 826, 830 (8th Cir. 2006). Petitioner's counsel was not ineffective in failing to argue that drug quantity should be found beyond a reasonable doubt - such an argument would have been contrary to law.

III. Knowing and Voluntary Plea.

Petitioner raised the issue of his need for an interpreter for the first time after the entry of judgment. At his change of plea hearing petitioner testified under oath that he read and understood what was contained in the plea agreement. Nonetheless, I proceeded to carefully explain to him the important rights he was waiving by entering into a plea agreement. He testified that he read and understood fully what was contained in the factual basis statement. I asked him several times whether he had any questions and he had none. I found that he fully understood all his rights and was competent to enter a change of plea. Petitioner, a native of Laos, came to the United States when he was 18 years old. He is now 43 years old. He became a naturalized citizen in 1996, which process required him to have taken English language classes. He is not a stranger to court proceedings. He has a simple assault conviction in Iowa in 1999 and a distribution of controlled substance conviction in Sioux Falls in 2003. He has a rather extensive employment record where he functioned without an interpreter. He was able to function in an extensive drug dealing conspiracy without an interpreter and he was a leader in the conspiracy. I questioned the petitioner extensively at his change of plea hearing and his sentence

hearing. He had no problems understanding and answering all my questions. He did not need an interpreter and never requested one until after he was sentenced.

Petitioner's right to argue "that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel" is not dismissed lightly. See DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000) (even a plea agreement waiver of the right to file a § 2255 petition does not prevent the defendant from arguing that he received ineffective assistance of counsel in the decision to enter into a plea agreement). However, his claim that he needed an interpreter is false and frivolous.

IV Evidentiary Hearing.

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' 28 U.S.C. § 2255." United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-836 (8th Cir. 2005). A § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

No evidentiary hearing is necessary in this matter as to petitioner's claims because, after a review of the record, it is clear that the petitioner's allegations as to ineffective assistance of counsel do not entitle him to relief. The record clearly shows that he fully understood the plea agreement. His claims to the contrary are inherently incredible and state conclusions rather than facts. He claims his attorney was ineffective at the sentence hearing by agreeing to a drug quantity of 1.5 and 5 kilograms of methamphetamine. How could the attorney not agree when the petitioner had signed a factual basis statement with the same quantities and had testified twice under oath at his plea hearing that the quantities were correct?

The petitioner's advisory guidelines range was 168-210 months. The sentence was 180 months, thus within the advisory guideline range. The statutory maximum was 240 months.

It plainly appears from the face of the motion that the movant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly,

IT IS ORDERED that the motion to vacate is denied and this matter is dismissed with prejudice.

Dated this 26th day of April, 2006.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
                DEPUTY
(SEAL)

4